**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

PERMACEL AUTOMOTIVE, INC.     )
    )
             Plaintiff,     )
    )     Case No. 08-00804-CV-W-FJG
v.     )
    )
KOHLER COMPANY     )
    )
             Defendant.     )

## ORDER

Pending before the court is Kohler Company's Motion to Strike Permacel Automotive, Inc.'s Expert Witness (Doc. No. 25).

## I. Background

Permacel Automotive, Inc. filed a breach of contract claim against Kohler Company on November 27, 2008. Doc. No. 1, Ex. No. 1. Permacel is alleging that Kohler breached both a minimum procurement agreement and an exclusivity agreement involving sound dampening pads. See id. On May 22, 2009, Permacel's expert, Donna Smith, submitted her expert report regarding the amount of damages Permacel suffered as a result of the alleged breaches. Doc. No. 18, Ex. No. 1. In response to this report, Kohler Company filed its Motion to Strike Permacel Automotive, Inc's Expert Witness on August 10, 2009. Doc. No. 25.

## II. Standard

Expert opinion testimony is admissible if it "assists the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The factual basis underlying an expert's opinion goes toward the credibility and not the admissibility of the testimony and

may be challenged by the opposing party on cross-examination.  Minnesota Supply Co. v. Raymond Corp., 472 F.3d 524, 544 (8th Cir. 2006).  Also, the factual basis of an opinion may rest on certain assumptions.  See, e.g., Synergetics, Inc. v. Hurst, 477 F.3d 949, 956 (8th Cir. 2006) (recognizing that disagreement with the assumptions and methodology used by the damage expert did not warrant exclusion); Frosty Treats, Inc. v. Sony Computer Entm't Am., Inc., No. 03-0378-CV-W-SOW, 2004 WL 5500075, at *3 (W.D. Mo. March 3, 2004) (noting that survey expert could assume that other evidence would prove certain facts as true when formulating his opinion).

Although experts may offer opinions based on factual assumptions, they may not offer opinions amounting to legal conclusions.  See e.g., United States v. Klaphake, 64 F.3d 435, 438 (8th Cir. 1995) (upholding district court decision excluding testimony by a lawyer as to the legality of a trust agreement); Shaw Group, Inc. v. Marcum, 516 F.3d 1061, 1068 (8th Cir. 2008) (allowing testimony from expert on ordinary business practices but excluding his testimony as to duty under a contract).

### III.  Analysis

Kohler is asking that Donna Smith's expert report be stricken because it believes the report provides impermissible legal conclusions.  In order for Donna Smith to determine the amount of damage suffered by Permacel because of a minimum procurement level breach and/or an exclusivity breach, however, she had to make the factual assumption that a breach of contract had occurred.  Her report uses such phrases as "[w]ere the trier of fact to conclude that Kohler has breached the Agreement," and "damages resulting from Kohler's alleged breaches of the Agreement."  Expert Report of Donna Beck Smith at 2. These are permissible factual assumptions that Ms. Smith has to make in order for her

2

damage assessment to be helpful to the trier of fact. Nowhere in the report does Ms. Smith offer a legal opinion as to whether Kohler actually breached the minimum procurement levels or exclusivity provisions of the contract. The proper place for Kohler to challenge Ms. Smith's assumptions in her damage calculations is through cross-examination and not by attempting to exclude her expert report.

## IV. Conclusion

For the foregoing reasons Kohler's Motion to Strike Permacel Automotive, Inc.'s Expert Witness (Doc. No. 25) is **DENIED.**

**IT IS SO ORDERED.**

/s/ Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Dated:   09/23/09                                     Chief United States District Judge
Kansas City, Missouri

3