**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PERMACEL KANSAS CITY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08-00804-CV-W-FJG |
| v. | ) | |
| | ) | |
| KOHLER COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Kohler Company's Second Motion for Summary Judgment (Doc. No. 89).

## I. Background

Permacel Automotive, Inc. filed a breach of contract claim against Kohler Company on November 27, 2008. Doc. No. 1, Ex. No. 1. Permacel Automotive, Inc., alleged that Kohler breached both a minimum procurement agreement and an exclusivity agreement (hereafter, "Agreement") involving sound dampening pads. See id. On December 15, 2009, the Court granted plaintiff's motion to substitute party, and Permacel Kansas City, Inc. (hereafter, "plaintiff" or "Permacel") was substituted for Permacel Automotive Inc. Doc. No. 77. As noted by defendant, plaintiff was not a party to the original Agreement between defendant and AcoustiSeal, Inc., but plaintiff claims to have standing to bring this breach of contract suit via a purported assignment of contract rights. In particular, plaintiff points to an Asset Purchase Agreement ("Asset Purchase") between AcoustiSeal and Nitto Missouri Acquisition Corporation ("NMAC"), which arose out of AcoustiSeal's chapter 7 bankruptcy, as the source of the assignment. As noted by the Court previously (see Doc. No. 77, Order entered December 15, 2009), questions of fact remained at that time as to the assignment of the Agreement. However, given that plaintiff's motion to substitute was granted after the close of discovery, the Court found that defendant was entitled to an

additional period of discovery.  <u>See</u> Doc. No. 77.

Defendant has now filed this Second Motion for Summary Judgment, indicating that the Agreement that is the subject of this lawsuit was never assumed into the bankruptcy estate, a statutory predicate to the assignment of a contract out of a bankruptcy estate to a third party.  Thus, defendant argues that plaintiff could not have acquired standing to bring this breach of contract claim as a matter of law.

## II. Facts

Kohler, a Wisconsin corporation, is a diverse manufacturer that produces, among other things, plumbing fixtures, including stainless steel sinks.  Permacel, a Missouri Corporation, manufactures and sell various industrial tapes, including laminate sound dampening materials, primarily marketed for use in the automotive field, which have been applied to dampen sound in certain appliances.  AcoustiSeal previously manufactured and sold various products including pressure sensitive foil constrained dampers ("foil dampers").  In February 2002, Kohler and AcoustiSeal entered into the Purchase and Supply Agreement ("Agreement").  As part of the Agreement, AcoustiSeal agreed to manufacture and sell, and Kohler agreed to purchase, foil dampers.

AcoustiSeal filed a voluntary petition for chapter 11 bankruptcy in the United States Bankruptcy Court for the Western District of Missouri on September 4, 2002.  Pursuant to § 365(a) of the Bankruptcy Code, 11 U.S.C. § 101 et seq., AcoustiSeal filed a motion to assume seven executory contracts or unexpired leases into AcoustiSeal's bankruptcy estate.  The Agreement was not among the seven executory contracts assumed into the bankruptcy estate.  <u>See</u> Ex. D to Doc. No. 90.  Pursuant to § 365(a), AcoustiSeal moved the bankruptcy court to approve the assumption and assignment of the seven executory contracts.  <u>See</u> Ex. E to Doc. No. 90.  The bankruptcy court approved the assumption and assignment of the seven executory contracts as part of the Asset Purchase Agreement between AcoustiSeal and NMAC.  The Agreement was not among the seven executory

contracts the bankruptcy court approved for assumption into the bankruptcy estate and assignment to NMAC under the Asset Purchase Agreement. See Ex. F to Doc. No. 90 ("Assumption Order").[1]

On December 10, 2002, AcoustiSeal filed a motion for order to reject "all remaining executory contracts . . . and unexpired leases, with the exception of the contracts assumed pursuant to the Order Approving Sale." See Doc. No. 104, Exs. 4 and 5. Defendant argues that the Agreement, not assumed into the bankruptcy estate, was expressly rejected by the trustee. Permacel further notes that the Agreement is not included in the two page list of contracts and/or leases that AcoustiSeal requested authority to reject in the Rejection Motion. Id. Permacel states that the Certificate of Service for the Rejection Motion indicates that Kohler did not receive notice of the Rejection Motion. Id.

On January 8, 2003, the bankruptcy court ordered the conversion of AcoustiSeal's Chapter 11 reorganization to a Chapter 7 liquidation. On that same date, a bankruptcy trustee was assigned to AcoustiSeal's bankruptcy case. See Ex. 11 to Doc. No. 104. On February 7, 2003, AcoustiSeal filed its Schedules of Assets and Liabilities. Ex. 12 to Doc. No. 104. Schedule G, which lists all "Executory Contracts and Unexpired Leases," does not include the Agreement. On June 3, 2003, the bankruptcy court granted the Rejection Motion, approving the rejection of all unassumed executory contracts. See Ex. I to Doc. No. 90.

## III. Standard

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of

---

[1]Permacel, however, denies that the seven contracts and/or leases listed in Exhibit B to the Assumption Order were the only contracts or leases assumed and assigned to NMAC (now Permacel) in connection with AcoustiSeal's bankruptcy case. See Doc. No. 104, Exs. 2 and 3. This fact is not material to the outcome of this motion, however, given that it is uncontroverted that the Agreement was not assumed and assigned in connection with the bankruptcy case.

law.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  The facts and inferences are viewed in the light most favorable to the nonmoving party.  Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986).  The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law.  Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997).  To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved.  Lower Brule, 104 F.3d at 1021.  Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment.  Id.  Rather, "the disputes must be outcome determinative under prevailing law."  Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts."  Matsushita, 475 U.S. at 586.  Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action."  Celotex, 477 U.S. at 327.

## IV.  Analysis

Defendant notes that plaintiff was not a party to the February 2002 Agreement between it and non-party AcoustiSeal.  Defendant states that although plaintiff attempts to bring this action as the alleged assignee of the Agreement, plaintiff could not have been

assigned any rights under the Agreement because the Agreement was never made part of AcoustiSeal's bankruptcy estate, and thus never could have been assigned out of the estate to plaintiff or plaintiff's alleged predecessor company.

Section 365(a) of the Bankruptcy Code, 11 U.S.C. § 101 et seq., provides that a bankruptcy trustee, "subject to the court's approval, may assume or reject any executory contract . . . of the debtor." Both plaintiff and defendant agree that the Agreement that is the subject of this action is an executory contract, as both parties still had obligations remaining under the contract. The executory contracts of a chapter 7 debtor must either be (1) assumed and assigned, or (2) rejected. 11 U.S.C. § 365(a). "The trustee may assign an executory contract or unexpired lease of the debtor only if the trustee assumes such contract or lease in accordance with the provisions of this section." 11 U.S.C. 365(f)(2). Assumption of an executory contract must be express, not implied or through conduct. See In re Treat Fitness Ctr., 60 B.R. 878, 879 (BAP 9th Cir. 1986); In re Swallen's Inc., 210 B.R. 120, 122 (Bankr. S.D. Ohio 1997). Additionally, the trustee may expressly reject an executory contract, pursuant to § 365(a), or the contract may be deemed rejected by operation of § 365(d)(1), which provides: "In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract. . . within 60 days after the order for relief . . . then such contract . . . is deemed rejected." Rejection may excuse or release the non-breaching party from any further performance obligation. See In re Resource Tech. Corp., 254 B.R. 215, 221 (Bankr. N.D. Ill 2000).

Here, defendant states that the Agreement was never assumed into the bankruptcy estate, and therefore could not have been assigned out of the bankruptcy estate to NMAC. Further, defendant notes that the bankruptcy court expressly rejected all executory contracts not specifically assumed by the bankruptcy trustee, and sustained AcoustiSeal's motion to reject all unassumed executory contracts, except collective bargaining agreements. Defendant argues that, even if the language of AcoustiSeal's motion before

the bankruptcy court rejecting unassumed contracts was insufficient to <u>expressly</u> reject the Agreement, the Agreement was rejected by operation of law, under 11 U.S.C. § 365(d)(1). A rejected executory contract cannot be assigned to a third party, 11 U.S.C. § 365(f)(2), and thus, the Agreement, as a rejected executory contract, could not have been assigned to NMAC (which allegedly later was renamed Permacel).

Plaintiff argues, in response, that the Agreement was never affirmatively rejected by the bankruptcy court, as the Agreement was never listed in AcoustiSeal's bankruptcy schedules and defendant Kohler had never been given notice of a motion to assume or reject an executory contract. <u>See</u> Bankruptcy Rule 6006(c).[2] Additionally, plaintiff asserts that this executory contract was not rejected by operation of law, as it had never been identified in AcoustiSeal's Schedules of Assets and Liabilities. <u>See</u> <u>In re Zuniga</u>, 287 B.R. 201, 206 (Bankr. E.D. Mo. 2001)(finding, where debtor argued that she should be allowed to avoid a real estate contract she purposely had left off her bankruptcy schedule, the contract should not be deemed rejected given the indicia of fraud and the inequity given the lack of notice provided to the sellers). Plaintiff argues that because the Agreement was not rejected, it "passed through" the bankruptcy unaffected, citing cases involving chapter 11 and chapter 13 bankruptcies. Plaintiff then argues that the Agreement was "thereafter deemed to be assigned to Permacel by operation of Missouri law."

In its reply brief, defendant notes that this case is distinguishable from <u>Zuniga</u>, as here there is no indicia of fraud and the party seeking invalidation of the contract is not the party subject to bankrtupcy. As noted by defendant, the debtor bears the responsibility to file a complete schedule of its executory contracts, <u>Matter of Benson</u>, 76 B.R. 381, 382 (Bankr. D. Del. 1987), and upon conversion to chapter 7, the "trustee has an affirmative duty to investigate for unscheduled executory contracts or unexpired leases." <u>In re Bane</u>,

---

[2]The Court agrees with Kohler, however, that Permacel should not be allowed to assert Kohler's notice rights to further its own interests. <u>See</u> Doc. No. 108, p. 8.

228 B.R. 835, 840 (Bankr. W.D. Va. 1998). The Agreement was never listed on AcoustiSeal's bankruptcy schedules, and thus could not have been assumed and assigned by the bankruptcy trustee. Furthermore, the Court agrees with defendant that the bankruptcy court orders demonstrate that the Agreement was rejected, or that in the alternative, the Agreement should be deemed rejected as a matter of law due to the trustee's failure to assume the Agreement within sixty days of the conversion to chapter 7; plaintiff's argument that defendant lacked notice is unavailing, as that would be defendant's argument to make if it wanted to avoid rejection of the contract due to the bankruptcy. The Court further agrees with defendant that a chapter 7 bankruptcy is fundamentally different from chapter 11 or 13 cases, as a chapter 7 bankruptcy is a liquidation (see 11 U.S.C. § 701 et seq.) whereas chapter 11 or 13 cases result in a reorganization. See U.S. on Behalf of U.S. Postal Service v. Dewey Freight System, Inc., 31 F.3d 620, 623-24 (8th Cir. 1994). A chapter 7 debtor does not emerge from bankruptcy; instead, its assets are liquidated and at the end of the bankruptcy proceedings, the company is "defunct." U.S. Dismantlement Corp., Inc. v. Brown Assoc., Inc., 2000 WL 433971, at *2 (E.D. Pa. April 13, 2000)(finding that a "defunct" corporation could not maintain a counterclaim in that lawsuit). Thus, the Agreement could not have "passed through" the bankruptcy unaffected. See 11 U.S.C. § 365(d)(1). As noted by defendant, AcoustiSeal had no authority over the Agreement and nothing to assign once the chapter 7 trustee was appointed in this matter. See In re JZ L.L.C., 371 B.R. 412, 418 (9th Cir. BAP 2007). Accordingly, the Court finds that, as a matter of law, NMAC (allegedly now Permacel) could not have been assigned the Agreement by AcoustiSeal.

Further, plaintiff argues that Kohler should be estopped from denying the enforcement of the Agreement by Permacel after receiving the benefits under the contract for nearly five years. The Court, however, finds persuasive defendant's argument that while the course of dealing between Permacel and Kohler may be sufficient to establish

some sort of contract, it is not sufficient to demonstrate assignment of the Agreement in this matter. Plaintiff's claims in the lawsuit at hand all arise under the Agreement (see Doc. No. 1, Ex. 1), and the response to the second motion for summary judgment is the first mention plaintiff makes of any estoppel theory. Accordingly, defendant's second motion for summary judgment will be **GRANTED.**

## V. Conclusion

For the foregoing reasons, defendant's second motion for summary judgment (Doc. No. 89) is **GRANTED** as to all claims in plaintiff's complaint.

**IT IS SO ORDERED.**

                                      /s/ Fernando J. Gaitan, Jr.
                                      Fernando J. Gaitan, Jr.

Dated:    06/14/10               Chief United States District Judge
Kansas City, Missouri